IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH R. SMITH,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

Case No. 3:25-CV-1544-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Petition for Redress of Grievances Pursuant to the First Amendment of the U.S. Constitution filed by Kenneth R. Smith. (Doc. 1). The Court construed Smith's filing as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered a response. (Doc. 12). For the reasons set forth below, the Petition is now dismissed without prejudice.

### BACKGROUND

Smith is serving a 240-month term of imprisonment in the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Marion, Illinois ("FCI Marion"). (Doc. 18-2 at ¶ 3). Smith's current release date is April 4, 2026.[1]

On December 12, 2024, Smith's Unit Team at FCI Marion submitted a referral for Smith's placement in a Residential Re-entry Center ("RRC"), also known as a halfway house. (*Id.* at ¶ 6). The Unit Team recommended that Smith be placed in an RRC beginning on April 16, 2025. (*Id.*). The Office of the Residential Re-entry Manager ("RRM") then evaluated the request and designated Smith for a halfway house beginning June 10, 2025. (*Id.* at ¶¶ 7-9).

---

[1] *See* Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 23, 2026).

Due to a lack of bed space, however, Smith's placement date was pushed back to February 3, 2026. (*Id.* at ¶ 9).

Upon learning that his placement date was delayed, Smith filed a BP-9 grievance form asking the Warden to reinstate his original RRC date of June 10, 2025. (Doc. 18-1 at ¶ 10). Smith received a response on May 14, 2025, which informed him that the adjustment was due to a lack of bed space. (Doc. 18-1 at p. 16). Smith then filed a BP-10 appeal, which was denied on June 26, 2025. (*Id.* at pp. 17-18). Smith appealed that decision on July 22, 2025, this time to the Office of General Counsel via the BP-11 form. (*Id.* at p. 19). Instead of waiting for a response, Smith filed this action on August 6, 2025. (Doc. 1).

On September 12, 2025, the Office of General Counsel denied Smith's appeal, explaining that the final decision as to RRC placement length is "at the discretion of the RRM. No inmate is entitled to either RRC placement or placement of a particular duration." (*Id.* at p. 20).

With his Petition, Smith asks the Court to order the RRM to immediately assign him to an RRC. (Doc. 1). Respondent filed an opposition on January 9, 2026 (Doc. 18), and Smith filed a reply brief on January 20, 2026 (Doc. 20).

## Discussion

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence—for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits . . . falls into the domain of § 2241."). "A petition for a writ of habeas corpus is the proper route '[i]f the prisoner is seeking what can

fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation.'" *Williams v. Lillard*, No. 25-1125-DWD, 2025 WL 1880039, at *1 (S.D. Ill. June 27, 2025) (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). But if the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*

Here, Smith is not challenging the fact or duration of his confinement, nor does he seek quicker or immediate release. Instead, he argues he is entitled to placement in an RRC. This is not cognizable in a § 2241 petition. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP then has "plenary control" over placement of the inmate, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). "This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision." *Decker v. Sproul*, No. 3:24-CV-02211-JPG, 2025 WL 438832, at *2 (S.D. Ill. Jan. 10, 2025) (citing 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.")). Even if the Court had discretion to review the BOP's decision, "these administrative issues are the exact kind of minutia that executive agencies, such as the Bureau of Prisons, are best equipped, experienced, and empowered to administer." *Id.*

The Seventh Circuit has held that such claims must instead be brought under the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"). *See Staadt v. Bezy*, 119 F. App'x 784,

785 (7th Cir. 2004) ("[A] prisoner may not use § 2241 to claim that the BOP should consider placing him in a [Community Corrections Center]. . . . Such a claim is a challenge to the rules affecting the conditions of custody, and federal prisoners must challenge those rules under the Administrative Procedure Act."); *see also Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) ("§ 2241 does not furnish the appropriate means to contest the Bureau's understanding of § 3624(c).").

As pointed out by Respondent, Smith may have intended to bring this action under the APA instead of § 2241. Smith's petition does not mention § 2241 or the words "habeas corpus." He also opposes the pending Motion to Substitute, in which the Bureau of Prisons seeks to substitute the Warden of FCI Marion as the Respondent, because Smith wants the Court to order the RRM to move Smith to an RRC. Respondent argues that this indicates Smith actually intended to bring the action under the APA.

Even if this were true, Smith's claim would still fail because he did not exhaust his administrative remedies before filing suit. *See Richmond*, 387 F.3d at 606. To exhaust administrative remedies, a federal prisoner must first file an informal complaint with institution staff. *See* 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. *See* 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. *See* 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the BOP's Office of General Counsel within 30 days. *Id*. The General Counsel has 40 days to issue a decision. 28 C.F.R. § 542.18. If an inmate does not receive a response within the allotted time, he may consider

the absence of a response to be a denial at that level. *Id.*

Smith did not wait for a final decision on his BP-11 appeal from the General Counsel before filing his Petition in this Court. He submitted the appeal on July 22, 2025, and initiated this action only 15 days later. Because Smith did not complete the exhaustion process before filing suit, he cannot obtain relief in this Court. *See Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011) (federal prisoner's failure to exhaust the BOP's administrative remedies precluded relief, whether under § 2241 or the Administrative Procedure Act).[2]

### Conclusion

For these reasons, the Petition for Redress of Grievances Pursuant to the First Amendment of the U.S. Constitution filed by Kenneth R. Smith (Doc. 1) is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED:   January 26, 2026**

*(signature)*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] It remains unclear whether Smith intended to bring this action under habeas corpus law or the APA. Nevertheless, because the Court initially reviewed this case under § 2241, it will retain that designation for filing fee purposes. Accordingly, Respondent's Motion to Substitute Party (Doc. 15) is **GRANTED**, and Joseph Wadas is **SUBSTITUTED** as Respondent.